# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ZHIWEI HE, on behalf of himself and Others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRAN VUONG CORPORATION d/b/a CANTON HOUSE, and CAM B. VUONG,<br><br>    Defendants. | PLAINTIFF'S COMPLAINT<br><br>CASE NO.: _____<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Zhiwei He (hereafter referred to as "Plaintiff"), on behalf of himself and other similarly situated, by and through his attorneys, Hall Booth Smith, P.C. and Hang & Associates, PLLC., hereby brings this Complaint against Defendants Tran Vuong Corporation d/b/a Canton House (hereafter "Tran Vuong Corporation") and Cam B. Vuong (hereafter "Mr. Vuong") (collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 et seq., arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA by engaging in a pattern and practice of failing to pay its current and former employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendant Tran Vuong Corporation failed or refused to record all of the time that Plaintiff, and similarly situated persons employed by Tran Vuong Corporation, work or worked, including work done in excess of forty hours each week.

4. Defendant Mr. Vuong failed or refused to record all the time that Plaintiff, and similarly situated persons, employed by Mr. Vuong work or worked, including work done in excess of forty hours each week.

5. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover individually and severally from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; (4) damages caused by Defendants' retaliation against Plaintiff, and/or (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331.

7. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. From May 5, 2017 until April 25, 2018, Plaintiff was employed by Tran Vuong Corporation and Mr. Vuong as a kitchen helper.

9. Plaintiff was an "employee" of Defendant Tran Vuong Corporation and Mr. Vuong, as that term has been defined by the FLSA, 29 U.S.C. Sec. 203(3).

## DEFENDANTS

*Corporate Defendants*

10. Defendant Tran Vuong Corporation is a domestic business corporation organized under the laws of the State of Georgia with a principal address at 4825 Buford Highway, NE, Chamblee, GA 30341.

11. Upon information and belief, Tran Vuong Corporation operates a Chinese restaurant known as Canton House and is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Defendant Tran Vuong Corporation is governed by and subject to the FLSA, 29 U.S.C. Sec.    204 and Sec. 207.

13. Upon information and belief Tran Vuong Corporation purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

14. Owner/Operator Defendant Cam B. Vuong acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d.

15. Upon information and belief, Cam B. Vuong determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

16. By engaging in the activities mentioned in Paragraph 16, Defendant Cam B. Vuong is an employer under the FLSA, 29 U.S.C. §203d.

17. Defendant Mr. Vuong is governed by and subject to the FLSA, 29 U.S.C. § 204 and § 207.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived as to all Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

19.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated current and former employees the FLSA overtime rate (of time and one-half) in violation of the FLSA and the supporting federal regulations.

20.     Plaintiff bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

21.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

22.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

23. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

24. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

25. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the Regulations promulgated thereunder;

c. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

26. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

27. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

29. Defendant Tran Vuong Corporation knew or had reason to know that Plaintiff and other similarly situated employees worked in excess of 40 hours in workweeks without overtime compensation during their respective employment with each employer.

30. Defendant Mr. Vuong knew or had reason to know that Plaintiff and other similarly situated employees worked in excess of 40 hours in workweeks without overtime compensation during their respective employment with each employer.

31. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

32. Defendant Tran Vuong Corporation failed to keep full and accurate records of Plaintiff's hours and wages.

33. Defendant Mr. Vuong failed to keep full and accurate records of Plaintiff's hours and wages.

34. Throughout his employment with the Defendants, Plaintiff was employed by Defendants to work as a kitchen helper at Canton House. His duties included but were not limited to chopping vegetables and meats and frying foods.

35. Plaintiff worked six (6) days each week with Tuesdays off.

36. From May 5, 2017 until September 1, 2017, Plaintiff worked the morning shift from 10:30am to 9:00pm Mondays to Fridays (with Tuesdays off) and Saturday & Sundays from 9:30am to 9:30pm. Plaintiff worked approximately sixty-six hours (66) per week during this period.

37. From September 2, 2017 until the end of his employment in April 25, 2018, Plaintiff worked the evening shift from 12:00 noon until 10:45pm on Mondays to Fridays (with Tuesdays off), and 11:00am till 10:45pm on Saturdays & Sundays. Plaintiff worked approximately sixty-six and a half hours (66.5) per week during this period.

38. Plaintiff did not have any uninterrupted meal breaks or any other break equal to or greater than a period of 30 minutes during his work days.

39. During Plaintiff's employment he was paid a fixed monthly salary of $4,000 per month regardless of the actual hours he worked. He was paid partly in check and partly in cash.

40. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours he worked above forty (40) in each workweek.

41. In April 2018, Plaintiff complained in person to Mr. Vuong that he worked too many hours without any uninterrupted break, and that he was not paid any overtime compensation.

42.     Several weeks later, Defendants terminated Plaintiff because of the complaints he made to Mr. Vuong about the failure to provide uninterrupted breaks and pay for overtime hours worked.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act— Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

43.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

45.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

46.     Defendants' failure to pay Plaintiff and the FLSA Collective Action Members their overtime pay violated the FLSA.

47.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

48. The FLSA and supporting regulations required employers to notify employees of employment law requirement employers to notify employment law requirements. 29 C.F.R. §516.4.

49. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

50. Defendant Vuong Corporation's violations of the FLSA were willful and in bad faith. Defendant Vuong Corporation violated 29 C.F.R. §516.4 by failing to provide the required notice.

51. Defendant Mr. Vuong violated 29 C.F.R. §516.4 by failing to provide the required notice.

52. Defendant Vuong Corporation's violations of the FLSA were willful and in bad faith and without good faith defense.

53. Defendant Mr. Vuong's violations of the FLSA were willful and in bad faith and without good faith defense.

## COUNT II
### [Violation of Fair Labor Standards Act – Retaliation]

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

2. Defendants willfully and unlawfully retaliated against Plaintiff for his exercise of protected activities, namely, Plaintiff's complaints about exceedingly long working hours and unpaid overtime wages. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of his rights by the termination of Plaintiff's employment.

3. Defendants' conduct violated the FLSA §215.

4.	As a direct and proximate consequence of the Defendants' intentional, unlawful and outrageous conduct Plaintiff as suffered and continues to suffer damages including, but not limited to, humiliation and mental distress, pain and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Action Members, respectfully requests that this Court enter a judgment providing the following relief:

a)  Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claim in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

e)  An injunction against Defendant Tran Vuong Corporation, its officers, agents, successors, employees, representatives and any and all persons acting in concert with

them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of overtime wages due under FLSA plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

h) An award of damages resulting from Defendants' willfully and knowingly retaliation against Plaintiff, including but not limited to actual damages, emotion damages, punitive damages and/or liquidated damages under the FLSA;

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b).

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees; and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

m) Grant Plaintiff and similarly situated individuals class members a trial by jury as to all triable issues of fact;

n) Jury trial demanded.

Respectfully submitted, this 14th day of September 2018.

                            HALL BOOTH SMITH, P.C.

                            By:   /s/ DONALD W. Benson /s/
                                   DONALD W. BENSON
                                   Georgia Bar No. 052350

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
Facsimile: 404-954-5020
dbenson@hallboothsmith.com

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Tran Vuong Corporation aka Canton House Chinese Restaurant and/or related entities located at 4825 Buford Highway, Chamblee, GA 30341.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

HE ZHI WEI
Full Legal Name (Print)

_[signature]_
Signature

15-5-2018.
Date

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2018 I electronically filed a Complaint with the Clerk of court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

_____

/s/ Donald W. Benson /s/
Donald W. Benson
Georgia Bar No. 052350
Attorneys for Plaintiff

Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Ste. 2900
Atlanta, Georgia 30303-1775
Telephone: (404) 954-5000
Facsimile: (404) 954-5020
dbenson@hallboothsmith.com